IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

ERIK DAVIS,                    *
                               *
     Plaintiff,                *
                               *
vs.                            *  CIVIL ACTION NO. 25-00135-KD-B
                               *
THE CITY OF SELMA, ALABAMA,    *
*et al.*,                      *
                               *
     Defendants.               *

<u>REPORT AND RECOMMENDATION</u>

This action is before the Court on Defendants' motion to dismiss Plaintiff's complaint (Doc. 4) and Plaintiff's response in opposition (Doc. 7), which contains embedded requests to remand this action and for leave to file an amended complaint. For the reasons stated herein, the undersigned recommends that Plaintiff's requests to remand and for leave to file an amended complaint be **DENIED**, that Defendants' motion to dismiss (Doc. 4) be **GRANTED**, and that this action be **DISMISSED** as duplicative of Civil Action No. 2:25-cv-00101-KD-B.

I.   <u>BACKGROUND</u>

On February 28, 2025, Plaintiff Erik Davis ("Davis"), proceeding without an attorney, filed two nearly identical lawsuits arising from an incident that took place exactly two years earlier at the Bosco Nutrition Center in Selma, Alabama, which resulted in his arrest and prosecution.

A. **Davis I** (Civil Action No. 2:25-cv-00101-KD-B)

Davis filed the first lawsuit in the United States District Court for the Middle District of Alabama.  See Erik Davis v. The City of Selma, et al., No. 2:25-cv-00101-KD-B (S.D. Ala. 2025), originally filed as Erik Davis v. The City of Selma, et al., No. 2:25-cv-00168-RAH (M.D. Ala. 2025) ("Davis I"), ECF No. 1.  On March 10, 2025, Davis I was transferred from the United States District Court for the Middle District of Alabama to this Court.  Davis I, ECF No. 4, 5.  On March 17, 2025, this Court struck the complaint in Davis I as an impermissible shotgun pleading, granted Davis leave to file an amended complaint on or before April 17, 2025, and ordered Davis to file an amended motion to proceed without prepayment of fees or pay the filing fee by April 17, 2025.  Davis I, ECF No. 6.  On April 21, 2025, Davis moved for a ten-day extension of time to file an amended complaint and pay the filing fee in compliance with the Court's order dated March 17, 2025.  Davis I, ECF No. 7.  On April 22, 2025, the Court granted the motion and extended Davis's compliance deadline to April 28, 2025.  Davis I, ECF No. 8.  On the same day, Davis paid the filing fee.  Davis I, ECF No. 9.  On May 2, 2025, Davis filed a motion for leave to amend his complaint and a proposed amended complaint.  Davis I, ECF No. 10.

**B. <u>The Instant Lawsuit</u>** (Civil Action No. 2:25-cv-00135-KD-B)

Davis filed the instant lawsuit in the Circuit Court of Dallas County, Alabama.[1]  (<u>See</u> Doc. 1-2 at 1-10).  On April 7, 2025, Defendants City of Selma, the Selma Police Department, and Joseph Ellis (collectively, "Defendants")[2] removed this action to this Court based on federal question jurisdiction. (Doc. 1).  On April 14, 2025, Defendants filed the instant motion to dismiss this action as duplicative of <u>Davis I</u>.  (Doc. 4).[3]  In their motion to dismiss, Defendants contend that the complaints in <u>Davis I</u> and this action are "almost identical" and "arise out of the exact same factual circumstances."  (<u>Id.</u> at 3).  Thus, Defendants argue that this action is duplicative of the "already-pending action" in

---

[1] As best the Court can discern, <u>Davis I</u> was filed in federal court at 12:09 p.m. on February 28, 2025, and the instant action was filed in state court at 4:07 p.m. on February 28, 2025.  See <u>Davis I</u>, ECF No. 1; (Doc. 1-2 at 1).

[2] Davis's complaint in this case also names Malachai M. Washington, Jamyron R. Hope, and "[a] fictitious party" as defendants, but none of those parties have been served; therefore, they were not required to join in the removal.  <u>See, e.g.</u>, <u>Maldonado v. Baker Cty. Sheriff's Off.</u>, 2020 U.S. Dist. LEXIS 135708, at *3 n.4, 2020 WL 4382303, at *2 n.4 (M.D. Fla. July 31, 2020) (noting that an "unserved Defendant's failure to join the notice of removal cannot serve as a basis to defeat removal jurisdiction").  The undersigned uses the capitalized form "Defendants" to refer only to the three defendants that have appeared in this action.

[3] Defendant Selma Police Department also filed a separate motion requesting to be dismissed from this lawsuit.  (Doc. 3).  Because this action is due to be dismissed in its entirety as duplicative of <u>Davis I</u>, the Court will not address the merits of Defendant Selma Police Department's separate motion to dismiss.

3

Davis I, making this case frivolous and malicious and warranting dismissal with prejudice. (Id. at 5).

On April 21, 2025, the Court entered a briefing schedule that required Davis to file a response to Defendants' motions to dismiss on or before May 5, 2025. (Doc. 6). On May 8, 2025, Davis filed a document that purports to be a response but does not appear to address any of the Defendants' substantive arguments for dismissal. (Doc. 7). Instead, in the purported response, Davis requests leave to file an amended complaint and requests that this case be remanded to state court based on lack of federal subject matter jurisdiction and an alleged procedural defect in the removal. (See id.). On May 12, 2025, Defendants filed a reply brief in support of their motions to dismiss. (Doc. 8).

## II. DISCUSSION

### A. Request to Remand

Defendants' notice of removal asserts that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Davis's complaint "alleges the Defendants' actions constituted deprivation of rights, privileges, or immunities and cites 42 U.S.C. § 1983" and "explicitly asserts violations of the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution." (Doc. 1 at 2-3). In his response to Defendants' motions to dismiss, Davis seemingly denies this assertion and posits that his "petition filed in state court

4

doesn't arise under a federal question jurisdiction or under the US Constitution or federal law, although cruel and unusual punishment is prohibited by both the U.S. Constitution and the Alabama State Constitution (Article I, Section 15 is considered the Alabama's equivalent to the Eighth Amendment of the U.S. Constitution." (Doc. 7 at 1).

Davis's contention that his complaint does not present a federal question is completely baseless. "The statutory grant of federal question jurisdiction provides the federal district courts with jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Resnick v. KrunchCash, LLC, 34 F.4th 1028, 1034 (11th Cir. 2022) (quoting 28 U.S.C. § 1331). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). More specifically, federal question jurisdiction "may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created

expressed or implied private remedy for violations of a federal statute." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998).

There is no doubt that a federal question is presented on the face of Davis's complaint in this case. Contrary to Davis's belated and self-serving suggestion that he is only asserting claims for violations of the "Alabama State Constitution" in this action, his complaint obviously and indisputably raises claims under 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments "to the *United States* Constitution." (See Doc. 1-2 at 7-9 (emphasis added)); see also Leslie v. Bank of Am. Corp., 2020 U.S. Dist. LEXIS 268143, at *7, 2020 WL 13593894, at *4 (N.D. Ga. Feb. 12, 2020) ("Leslie has not alleged that the Court lacks jurisdiction over his claims, and even if he had, such an argument would be unavailing as he has attempted to assert claims under federal statutes.") (internal citations omitted). Moreover, Davis's complaint specifically alleges that the court "has original jurisdiction under 28 U.S.C. 1343(a)(4)," which provides that federal district courts "shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o recover damages or to secure equitable or other relief under any *Act of Congress* providing for the protection of civil rights, including the right to vote." See 28 U.S.C. 1343(a)(4) (emphasis added). Given the foregoing, Davis's request to remand this case

based on a lack of federal question jurisdiction is utterly meritless, and indeed, frivolous.

Davis also asks that this case be remanded to state court because he contends Defendants "failed to send [him] a copy of the notice of removal (there are procedural defects errors or deficiencies when the defendants attorney removed a case from state court to this federal court)." (Doc. 7 at 2-3). Davis claims he "did not receive a copy (from the defendants) of the defendant's notice of removal, Defendants' Motion to Dismiss Plaintiff's Complaint or the defendants Motion to Dismiss." (Id. at 6). Davis alleges that he "also had technical issues with his PACER account and could not gain entry into the PACER account until Tuesday April 29th, 2025." (Id. at 3). Thus, Davis asserts that he "only had 6 days to prepare this response." (Id.).

"The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee." Konst v. Fla. E. Coast Ry. Co., 71 F.3d 850, 851 (11th Cir. 1996). "Where there is 'a certificate of service showing that the [document] was mailed to [the intended recipient] at his home address,' it is 'presumed that the [document] was received.'" Berman v. Kafka, 2014 U.S. Dist. LEXIS 204268, at *3-4, 2014 WL 12618194, at *1 (M.D. Fla. Nov. 3, 2014) (quoting In re Farris, 365 F. App'x 198, 200 (11th Cir. 2010) (per curiam)). "The presumption of receipt may be rebutted . . . by producing evidence

which would 'support a finding of the non-existence of the presumed fact.'" Farris, 365 F. App'x at 200 (citation omitted). "The mere denial of receipt, without more, is insufficient to rebut the presumption." Id. However, "direct testimony of nonreceipt, combined with other evidence, may be sufficient to rebut the presumption." Id.

Here, in a certificate of service attached to the notice of removal dated April 7, 2025, Defendants' counsel represented to the Court that he served Davis with the notice of removal by mailing it, with postage prepaid, to Davis's address of record. (See Doc. 1 at 5).[4] Defendants' certificate of service creates a rebuttable presumption that the removal documents were received. See Wilkes v. Sightler, 2011 U.S. Dist. LEXIS 44590, at *4-5, 2011 WL 1575193, at *2 (S.D. Ga. Apr. 26, 2011) ("Defendant's response to Plaintiff's motion included a certificate of service dated December 23, which indicated that Plaintiff was served with a copy of that response. This certificate of service creates a presumption that Defendant's response was received by Plaintiff . . . .") (internal citation omitted). Davis's bare denial of receipt is not sufficient to overcome the presumption that he

---

[4] Likewise, in certificates of service attached to the motions to dismiss dated April 14, 2025, Defendants' counsel represented to the Court that he served Davis with the motions to dismiss by mailing them, with postage prepaid, to Davis's address of record. (See Doc. 3 at 3; Doc. 4 at 6).

received a copy of the notice of removal, which was mailed to Davis at his proper address according to the certificate of service.

Further, as Davis notes himself, any challenge to removal based on a procedural defect must be raised in a motion to remand filed within thirty days of the filing of the notice of removal. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); In re Bethesda Mem'l Hosp., Inc., 123 F.3d 1407, 1409 (11th Cir. 1997). Davis's request to remand was made thirty-one days after the filing of the notice of removal in this case.[5] (See Docs. 1, 7). Thus, Davis's request to remand this case based on a procedural defect (i.e., Defendants' purported failure to provide prompt written notice of the removal to Davis) is untimely because it was filed past the thirty-day deadline set forth in § 1447(c).

Even setting aside the issue of untimeliness and accepting Davis's assertion that he did not receive a copy of the removal documents from Defendants, Davis is still not entitled to remand

---

[5] Although it appears Davis dated and mailed his response on May 5, 2025 (see Doc. 7 at 6-7), he "cannot rely on the date of mailing because—except in cases of *pro se* inmates—a document is not deemed filed until it is received by the district-court clerk." Marques v. JP Morgan Chase, N.A., 805 F. App'x 668, 671 (11th Cir. 2020) (per curiam) (citing Houston v. Lack, 487 U.S. 266, 273 (1988) ("[R]eceipt constitutes filing in the ordinary civil case . . . .")).

on the merits.  The federal removal procedure statute states: "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties . . . ."  28 U.S.C. § 1446(d). However, "[r]emand on the basis of failure to comply with § 1446(d) is generally improper, absent prejudice to the plaintiff." Loper v. Howard Cty. Pub. Sch. Sys., 2021 U.S. Dist. LEXIS 163118, at *9, 2021 WL 3857857, at *4 (D. Md. Aug. 27, 2021); see, e.g., Doe v. Roman Cath. Diocese of Erie, Pa., 2021 U.S. Dist. LEXIS 384454, at *4, 2021 WL 790834, at *2 (N.D.N.Y. Mar. 2, 2021) (declining to remand for failure to provide notice under § 1446(d) "because 'procedural defects in notice to an adverse party do not defeat removal, particularly where the adverse party was aware of the action and does not demonstrate any prejudice resulting'") (citation omitted); see also Dowdell v. Lee County, Ala., 2018 U.S. Dist. LEXIS 51628, at *12 n.6, 2018 WL 1519049, at *4 n.6 (M.D. Ala. Mar. 28, 2018) ("Defendant Welch's failure to give proper and prompt notice of removal to Plaintiff, if any, is a procedural defect that may be cured after the thirty days for removal allowed by § 1446(b) has elapsed.").

Even if the Court accepts Davis's bare assertion that he did not receive a copy of the removal documents from Defendants, Davis tacitly acknowledges that he became aware of the removal no later than April 29, 2025, and thus had six days to file a timely response

to Defendants' motions to dismiss and eight days to file a timely motion to remand under § 1447(c). (See Doc. 7 at 3). Additionally, the Court's order setting a briefing schedule on Defendants' motions to dismiss was mailed to Davis on April 21, 2025, and there is no indication that Davis failed to receive a copy of that order. Although Davis's remand request was ultimately untimely, that is only because of Davis's own misplaced belief that mailing – as opposed to receipt by the court clerk – constitutes filing in a non-prisoner civil case. It is evident that Davis obtained adequate notice of the removal of this action with sufficient time to make a timely objection premised on Defendants' purported failure to give him proper notice of removal, but he failed to do so. See Harris v. Louisiana, 2023 U.S. Dist. LEXIS 40372, at *7, 2023 WL 2418358, at *3 (M.D. La. Feb. 17, 2023) (noting that remand is not appropriate based on failure to provide notice of a removal "when there is no undue delay and the Plaintiff does not suffer any prejudice in being able to file a timely motion to remand under 28 U.S.C. § 1447(c)", report and recommendation adopted, 2023 U.S. Dist. LEXIS 40116, 2023 WL 2418221 (M.D. La. Mar. 8, 2023); Vasquez v. Jim Wells County, 2005 U.S. Dist. LEXIS 51970, at *5, 2005 WL 8164067, at *2 (S.D. Tex. Nov. 23, 2005) (denying remand for improper service under § 1446(d) where notice was provided twenty-nine days after removal and the plaintiff was able to file a timely motion to remand).

In any event, the Court has considered the merits of all of
the arguments raised in Davis's purported response, further
evidencing that Davis has suffered no prejudice from Defendants'
alleged failure to serve him with copies of the removal documents.
See Chaloux v. Broadspire Servs., Inc., 2006 WL 8437954, at *2
(S.D. Ala. Mar. 28, 2006) (DuBose, J.) (finding plaintiff suffered
no prejudice as a result of receiving actual notice of the removal
nearly a month after the removal petition was filed where the court
considered plaintiff's motion to remand despite its untimeliness).
Davis has not identified any other prejudice that he suffered as
a result of Defendants' alleged failure to promptly notify him of
the removal, nor has he demonstrated any bad faith on the part of
Defendants. Accordingly, Davis's request to remand is due to be
denied.

**B. Request for Leave to Amend**

Davis also requests leave to file an amended complaint. (Doc.
7 at 1-2). However, Davis provides no clear indication of what
changes or additions he seeks to make to his existing complaint,
nor does he include a proposed amended complaint as an attachment.
"A motion for leave to amend should either set forth the substance
of the proposed amendment or attach a copy of the proposed
amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999)
(per curiam). Indeed, this Court's Local Rules require that a
motion for leave to amend state specifically what changes are

12

sought by the proposed amendment *and* include the proposed amended pleading as an attachment.  S.D. Ala. CivLR 15(b).  Because Davis fails to clearly set forth the substance of the proposed amendment and fails to attach a proposed amended complaint, his request for leave to amend is deficient and due to be denied on that basis alone.

At best, Davis's response vaguely implies that he wishes to amend his complaint to assert only causes of action arising under the "Alabama State Constitution" so that he can obtain remand of this action to state court while his federal constitutional claims arising from the same incident remain pending before this Court in <u>Davis I</u>.  However, Davis cites no authority that would permit him to split his causes of action in such a manner.  To the extent Davis wishes to assert claims arising from the subject incident that are not asserted in <u>Davis I</u>, his proper course is to amend his complaint in that case, not to maintain a second lawsuit in a separate forum against the same group of defendants.  <u>See, e.g.</u>, <u>Algieri v. Vanaski</u>, 2008 WL 4104464, at *2 (M.D. Fla. Sept. 4, 2008).

In any event, it appears that the amendment vaguely proposed by Davis would be futile.  A "court should freely give leave [to amend] when justice so requires."  <u>See</u> Fed. R. Civ. P. 15(a)(2); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  However, a court "may properly deny leave to amend the complaint under Rule 15(a) when

such amendment would be futile." <u>Hall v. United Ins. Co. of Am.</u>, 367 F.3d 1255, 1262-63 (11th Cir. 2004). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).

As noted, Davis's response suggests that he wishes to amend his complaint to delete his federal constitutional claims and replace them one or more causes of action arising under "the Alabama State Constitution." (Doc. 7 at 1). In particular, Davis cites "Article I, Section 15" and notes that it "is considered the Alabama's equivalent to the Eighth Amendment of the U.S. Constitution."[6] (<u>Id.</u>). However, as Defendants point out, "there is no private right of action for monetary damages based on the Alabama Constitution." <u>Bill Salter Advert., Inc. v. Baldwin County, Ala.</u>, 2009 U.S. Dist. LEXIS 147557, at *22, 2009 WL 10704418, at *7 (S.D. Ala. Mar. 13, 2009); <u>see</u> <u>Matthews v. Ala. Agric. & Mech. Univ.</u>, 787 So. 2d 691, 698 (Ala. 2000) (noting that plaintiff "presented no authority . . . that recognizes a private cause of action for monetary damages based on violations of the provisions of the Constitution of Alabama . . . and we have found

---

[6] Article 1, Section 15 of the Alabama Constitution provides "[t]hat excessive fines shall not be imposed, nor cruel or unusual punishment inflicted." Ala. Const., Art. 1, § 15.

none"); <u>Ross v. Alabama</u>, 893 F. Supp. 1545, 1555 (M.D. Ala. 1995) (finding no authority under Alabama law for bringing an action seeking monetary damages against a state employee for violations of state constitutional law); <u>Shaw v. City of Selma</u>, 241 F. Supp. 3d 1253, 1281 n.32 (S.D. Ala. 2017) ("[D]efendants have cited uncontroverted caselaw for the proposition that no private right of action for money damages exists for any such violation of the Alabama Constitution."), <u>aff'd</u>, 884 F.3d 1093 (11th Cir. 2018); <u>Tomberlin v. Clark</u>, 1 F. Supp. 3d 1213, 1234 (N.D. Ala. 2014) (dismissing counts alleging violations of Alabama constitutional provisions "because the Alabama constitution does not create a private right of action to sue for monetary damages").[7]  Thus, Davis's proposed amendment appears to be futile.  For each of the foregoing reasons, Davis's request for leave to amend his complaint is due to be denied.

---

[7] Davis also asserts that he is entitled to leave to amend his complaint because "[t]hese issues are . . . being tried by consent (see FRCP rule 15(B)(2) For Issues Tried by Consent."  (Doc. 7 at 2).  However, Davis's reliance on Federal Rule of Civil Procedure 15(b)(2) is sorely misplaced.  As its title clearly indicates, "Rule 15(b) permits amendments during and after trial." <u>Doe #6 v. Miami-Dade Cnty.</u>, 974 F.3d 1333, 1337 (11th Cir. 2020).  Obviously, this case has not proceeded to trial, and further, Davis does not identify any issue not raised in the pleadings that is being tried by the parties' consent.  Thus, Rule 15(b)(2) is inapplicable and provides no support for Davis's request for leave to amend.

**C. Motion to Dismiss as Duplicative (Doc. 4)**

"It is well established that 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). "Although no precise test has been articulated" for determining whether one action is duplicative of another action, the "general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." Id. "Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious." McDougald v. City of Dothan Police, Dep't, 2018 U.S. Dist. LEXIS 189010, at *3-4, 2018 WL 6238057, at *2 (M.D. Ala. Nov. 2, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 200906, 2018 WL 6204433 (M.D. Ala. Nov. 28, 2018).

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000); see Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021) (holding "that a plaintiff's duplicative complaint is an abuse of the judicial process" and is properly dismissed as "malicious"). When courts are faced with duplicative

lawsuits, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Curtis, 226 F.3d at 138-39.

Having carefully reviewed each of Davis's complaints before this Court, the undersigned concludes that this action is duplicative of Davis I and is therefore due to be dismissed. First, despite minor discrepancies between Davis's pleadings, the parties in the two actions do not differ significantly. The City of Selma, the Selma Police Department, Malachai M. Washington, Joseph Ellis, and Jamyron R. Hope are named as defendants both in this action and in the initial complaint in Davis I. Jamyron R. Hope is not named as a defendant in the proposed first amended complaint in Davis I; however, that proposed pleading retains the factual allegations regarding Officer Hope's conduct, suggesting that Officer Hope was not listed as a defendant either inadvertently or pursuant to a belated decision not to pursue claims against that deceased officer. Jason Crum and Broderick Given are named as defendants only in the initial complaint in Davis I; however, as best the Court can discern, none of Davis's complaints contain any allegations of misconduct on the part of those officers.

Second, the factual allegations in Davis's complaints are nearly identical and arise from the same events. Indeed, the only

real substantive difference is that the "Facts" section of the instant complaint contains additional allegations that appear to assert that unidentified, non-party prosecutors failed "to disclose information or preserve evidence" in Davis's criminal case, while the "Facts" section of the proposed first amended complaint in Davis I adds allegations regarding Officer Ellis's failure to intervene or assist Davis.

Third, although Davis fails to state his claims clearly and discretely, it is apparent that the legal claims asserted in the two actions are essentially the same. Indeed, the "Statement of Claim" sections of the instant complaint and the initial complaint in Davis I are identical, and the "Jurisdiction and Venue" sections of all of Davis's complaints are identical. In both actions, Davis appears to assert claims under 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Fourth, the "Damages" sections of Davis's complaints, which set forth his requested relief, are substantively identical. Thus, it is clear that Davis seeks essentially the same relief in both actions.

In sum, the parties, factual allegations, legal claims, and relief requested in Davis I and this action are either identical or very nearly so. Accordingly, there is no question that this action is duplicative of the earlier-filed lawsuit in Davis I,

which remains pending before this Court. It appears that rather than being content to litigate his claims in a single forum, Davis purposely attempted to gain two bites at the apple by filing essentially the same lawsuit in both federal and state court. Davis's attempts to manipulate and abuse the judicial process in this manner should not be countenanced. Given that Davis commenced the instant lawsuit in state court with full knowledge that it merely duplicated the claims he had already asserted earlier that day in federal court, it is recommended that this action be **DISMISSED** as duplicative.

### III. <u>CONCLUSION</u>

For the reasons set forth above, the undersigned recommends that Plaintiff Davis's requests to remand this action and for leave to amend his complaint be **DENIED**, that Defendants' motion to dismiss (Doc. 4) be **GRANTED**, that this action be **DISMISSED** as duplicative of <u>Davis I</u>, and that any other pending motions be **DENIED as moot.**

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **May, 2025.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**